David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
5502 S. Ft. Apache, Suite 200
Las Vegas, NV 89148
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd., Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff
*Michael Carlson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL CARLSON,<br><br>              Plaintiff,<br><br>    v.<br><br>SMART FINANCIAL CREDIT UNION,<br><br>              Defendant. | Civil Action No.: 1:22-cv-00345<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from

inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Michael Carlson ("Plaintiff"), by Plaintiff's attorneys, brings this action against Smart Financial Credit Union ("Smart Financial" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the District of Indiana pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Madison County, Indiana and because Defendant is subject to personal jurisdiction in Madison County, Indiana; conducts business in Madison County, Indiana; the events giving rise to this action occurred in Madison County, Indiana; and Defendant is registered with the Indiana Secretary of State.

## PARTIES

6. Plaintiff is a natural person residing in the County of Madison, State of Indiana. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Smart Financial is a corporation doing business in the State of Indiana.

8. Smart Financial is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

9. Upon information and belief, in the course of its business Smart Financial furnished credit information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## GENERAL ALLEGATIONS

11. On August 27, 2020, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana pursuant to 11 U.S.C. § 701 *et seq*. Plaintiff's case was assigned Case Number 20-04860-RLM ("Bankruptcy").

12. At the time of filing, Plaintiff owed a 2018 Toyota Tacoma ("Vehicle"). The Vehicle was subject to a loan ("Loan") held by Smart Financial.

13. On November 10, 2020, Plaintiff and Smart Financial entered into a Reaffirmation Agreement ("Reaffirmation"), whereby Plaintiff agreed to continued making his regular monthly payments on the Loan. See Bankruptcy

ECF No. 15. As a result, the Loan was not discharged in the Bankruptcy. *See* Plaintiff's Discharge at Bankruptcy ECF No. 17, which stated "debts covered by a valid reaffirmation agreement are not discharged."

14. However, Defendant reported derogatory, inaccurate, or misleading information after the Bankruptcy.

15. Additionally, Defendant's inaccurate reporting did not comply with industry standard. The Consumer Data Industry Association ("CDIA") provides reporting standards and guidelines to assist furnishers of information and credit reporting agencies with their compliance requirements under the FCRA and published and implemented the Metro 2 Format reporting standards ("Metro 2 Format").

16. The CDIA publishes the Metro 2 reporting standards to assist furnishers (like Defendant) with their compliance requirements under the FCRA.

17. A furnisher's failure to follow industry reporting guidelines may establish materially misleading reporting where (1) the furnisher adopts the standard, (2) the furnisher deviated from the standard, and (3) this "deviation might adversely affect credit decisions—in other words, that entit[ies] would have expected [the defendant furnisher] to report in compliance with the [CRRG] guidelines." *Nissou-Rabban v. Capital One Bank (USA)*, No. 15-cv-1675 JLS (DHB), 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016) (citations and

quotations omitted). *See also Wylie v. Experian, LLC*, No. 16-cv-102, 2017 WL 835205, at *5-7 (W.D. Pa. Mar. 2, 2017).

18. On information and belief, Defendant adopted the Metro 2 Format reporting standards, and at all times relevant implemented the Metro 2 Format as an integral aspect of its duties under FCRA, which require adequate and reasonable policies and procedures be in place to handle investigations of disputed information.

19. Despite Metro 2 Format's instructions, Smart Financial failed to conform to the Metro 2 Format when reporting on Plaintiff's account after the Bankruptcy and Reaffirmation, as further set forth below.

20. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

21. A "materially misleading" statement is more than just inaccuracies in reported information. It also includes omissions that cause reported information to be misleading or that create misperceptions about otherwise factually accurate data.

//

//

//

## Smart Financial Misreported Credit Information

## on Plaintiff's Equifax Report

22. In an Equifax credit report dated March 24, 2021, Smart Financial inaccurately reported the Loan as "Account Included in Bankruptcy", and failed to report any of Plaintiff's ongoing monthly payments on the Loan after the Reaffirmation was filed, as seen below.

[Smart Financial Credit Union credit report excerpt showing: PO BOX 920719 HOUSTON TX 77292-0719; 7138501600; Date Opened 08/02/2019; Months Revd 16; Items As of Date Reported 12/31/2020; Date of 1st Delinquency 08/2020; Date of Last Activity 08/2020; Status - Account Included In Bankruptcy; Type of Loan - Auto; Whose Account - Joint Account; ADDITIONAL INFORMATION - Bankruptcy Chapter 7; Auto; Bankruptcy Petition; Fixed Rate;]

23. On or about May 28, 2021, Plaintiff disputed Smart Financial's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Smart Financial.

24. Specifically, Plaintiff sent a letter to Equifax ("Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted.

25. Upon information and belief, upon receiving the Equifax Dispute Letter, Equifax timely notified Smart Financial of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

26. Smart Financial was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b).

27. While Equifax failed to provide a reinvestigation to Plaintiff, Plaintiff obtained an Equifax credit report, dated July 28, 2021, in which Smart Financial continued misreporting the reaffirmed Loan, now reporting it as closed and failing to report Plaintiff's monthly payments as seen below:

**4.10 SMART FINANCIAL CREDIT UNION (CLOSED)**

**Summary**

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account reported balance by its credit limit.

| | | | |
|---|---|---|---|
| Account Number | ▮▮▮▮▮ | Reported Balance | |
| Account Status | PAYS_AS_AGREED | Debt-to-Credit Ratio | |
| Available Credit | | | |

**Account History**

The tables below show up to 2 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, acti designator, and comments.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | | | | | | | $28,563.00 | | | | | |
| 2020 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |

28. A reasonable investigation by Smart Financial would have correctly reported Plaintiff's account, and reported Plaintiff's ongoing monthly payments thereon.

29. Additionally, Plaintiff has suffered concrete and imminent harm to his creditworthiness. Plaintiff's Equifax reports showed numerous third parties had procured his credit information both prior and subsequent to the reinvestigation. Moreover, prospective creditors who wished to make a firm offer of credit or insurance to Plaintiff may have excluded him from lists of

consumers who received such offers, or else would have factored the inaccurate and confusing information into the terms of any firm offer they decided to extend to Plaintiff. Thus, the inclusion of derogatory information presents an imminent, material risk of harm Plaintiff's creditworthiness has been, and continues to be, damaged.

## Smart Financial Misreported Credit Information

## on Plaintiff's Experian Report

30. In an Experian credit report dated March 24, 2021, Smart Financial inaccurately reported Plaintiff's account as "Discharged through Bankruptcy Chapter 7", and failed to report any of Plaintiff's ongoing monthly payments on the Loan after the Reaffirmation was filed, as seen below.



31. On or about May 28, 2021, Plaintiff disputed Smart Financial's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Smart Financial.

32. Specifically, Plaintiff sent a letter to Experian ("Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted.

33. Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified Smart Financial of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

34. Smart Financial was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b).

35. While Experian failed to provide a reinvestigation to Plaintiff, Plaintiff obtained an Experian credit report, dated July 28, 2021, in which Smart Financial continued misreporting the reaffirmed Loan, continuing to report it as "Discharged through Bankruptcy Chapter 7" and failing to report Plaintiff's monthly payments as seen below:

> **SMART FINANCIAL CREDIT UNION**
> Potentially Negative
>
> https://usa.experian.com/acr/report                                  7/28/21, 2:11 PM
>                                                                      Page 14 of 37
>
> Date Opened      Balance      Status
> 08/02/2019       -            Discharged through Bankruptcy Chapter 7/Never late.
>
> Do you see information you believe to be inaccurate?   [Start a Dispute]

36. A reasonable investigation by Smart Financial would have correctly reported Plaintiff's account, and reported Plaintiff's ongoing monthly payments thereon.

37. Additionally, Plaintiff has suffered concrete and imminent harm to his creditworthiness. Plaintiff's Experian reports showed numerous third parties had procured his credit information both prior and subsequent to the reinvestigation. Moreover, prospective creditors who wished to make a firm offer of credit or insurance to Plaintiff may have excluded him from lists of consumers who received such offers, or else would have factored the inaccurate and confusing information into the terms of any firm offer they decided to extend to Plaintiff. Thus, the inclusion of derogatory information

presents an imminent, material risk of harm Plaintiff's creditworthiness has been, and continues to be, damaged.

## Smart Financial Misreported Credit Information

## on Plaintiff's Trans Union Report

38. In a Trans Union credit report dated March 24, 2021, Smart Financial failed to report any of Plaintiff's ongoing monthly payments on the Loan after the Reaffirmation was filed, as seen below.

![Smart Financial Credit Union account detail showing Date Opened 08/02/2019, Joint Account, Installment Account, Automobile, Remarks: Chapter 7 Bankruptcy, Balance blank, Date Updated 12/31/2020, Last Payment Made 12/18/2020, High Balance $33,603, Pay Status: Current; Paid or Paying as Agreed. Monthly ratings from 12/2019 through 11/2020 all show OK, and 08/2019 through 11/2019 also show OK.]

39. On or about May 24, 2021, Plaintiff disputed Smart Financial's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Smart Financial.

40. Specifically, Plaintiff sent a letter to Trans Union ("Trans Union Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted.

41. Upon information and belief, upon receiving the Trans Union Dispute Letter, Trans Union timely notified Smart Financial of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

42. Smart Financial was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b).

43. While Trans Union failed to provide a reinvestigation to Plaintiff, Plaintiff obtained a Trans Union credit report, dated July 28, 2021, in which Smart Financial continued misreporting the reaffirmed Loan, still failing to report Plaintiff's monthly payments as seen below:



44. A reasonable investigation by Smart Financial would have correctly reported Plaintiff's account, and reported Plaintiff's ongoing monthly payments thereon.

45. Additionally, Plaintiff has suffered concrete and imminent harm to his creditworthiness. Plaintiff's Trans Union reports showed numerous third parties had procured his credit information both prior and subsequent to the reinvestigation. Moreover, prospective creditors who wished to make a firm offer of credit or insurance to Plaintiff may have excluded him from lists of

consumers who received such offers, or else would have factored the inaccurate and confusing information into the terms of any firm offer they decided to extend to Plaintiff. Thus, the inclusion of derogatory information presents an imminent, material risk of harm Plaintiff's creditworthiness has been, and continues to be, damaged.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant failed to comply with industry standards. Defendant failed to comply with the Metro 2 Format instructions and reported inaccurate information.

48. Not only was Defendant's reporting inaccurate and a departure from the credit industry's own reporting standards, Defendant's reporting was also materially misleading under the CDIA's standards as well.

49. A "materially misleading" statement is concerned with more than just an inaccurate statement. It also includes omissions to credit entries, which in context create misperceptions about otherwise factually accurate data.

50. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

51. Defendant failed to review all relevant information provided by Plaintiff in the respective Dispute Letters, as required by and in violation of 15 U.S.C. § 1681s-2(b).

52. Defendant re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, Defendant still reported the Loan as included in the Bankruptcy and failed to report any of Plaintiff's ongoing monthly payments after the Reaffirmation.

53. Upon receipt of Plaintiff's disputes, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(B).

54. Due to Defendant's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

55. Despite Plaintiff's efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

56. Defendant's continued inaccurate and negative reporting of the Debts in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

57. Also as a result of Defendant's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to his creditworthiness, and emotional distress. Further, unaffiliated third parties have accessed Plaintiff's credit reports containing Defendant's misreporting of the Loan, thus further damaging Plaintiff's credit availability and potentially excluding Plaintiff from offers of credit which would otherwise have been made.

58. By inaccurately reporting account information relating to the reaffirmed Loan after notice and confirmation of its errors, Defendant failed to take the appropriate measures as required under 15 U.S.C. § 1681-s(2)(b)(1)(D) and (E).

59. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

60. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

61. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 17, 2022

                Respectfully submitted,

By   /s/ David Krieger, Esq.
      David Krieger, Esq.
      Nevada Bar No. 9086
      Shawn Miller, Esq.
      Nevada Bar No. 7825
      KRIEGER LAW GROUP, LLC
      5502 S. Ft. Apache, Suite 200
      Las Vegas, NV 89148
      Phone: (702) 848-3855
      Email: dkrieger@kriegerlawgroup.com
      Email: smiller@kriegerlawgroup.com